IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KENAN PARKER,

    Petitioner,

v.                                                            No. 1:18-cv-01113-JDB-jay
                                                           Re: 1:16-cr-10070-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Kenan Parker,[1] has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[2] For the following reasons, the Petition is DENIED.

BACKGROUND

On September 21, 2015, a federal grand jury for the Western District of Tennessee charged Parker with two counts of being a felon in possession of a firearm and ammunition on June 14, 2015, in violation of 18 U.S.C. § 922(g) and 924(a)(e) ("*Parker I*"). (*United States v. Parker*, No. 1:15-cr-010071-JDB-1, D.E. 2.) A separate indictment was returned on March 21, 2016, charging him with being a felon in possession of a firearm on June 25, 2015 ("*Parker II*"). (*United States v. Parker*, No. 1:16-cr-10041-JDB-1, D.E. 2.) On July 12, 2016, the Government filed an

---

[1] The Court will refer to Parker as "the Defendant" in its discussion of the underlying criminal case.

[2] Record citations are to documents filed in the present case, unless otherwise indicated.

information charging Parker with being a felon in possession of a firearm on June 25, 2013 ("*Parker III*"). (*United States v. Parker*, No. 1:16-cr-10070-1-JDB-1, D.E. 1.) The Defendant waived the indictment in that case. (*Id.*, D.E. 4.)

On the same day the information was filed, the Defendant pleaded guilty to the sole charge in *Parker III* pursuant to a plea agreement with the Government. (*Id.*, D.E. 5 and 6.) The plea agreement included a recommendation for dismissal of the indictments in *Parker I* and *Parker II*, the Government's concession that it would not seek a federal indictment for other criminal behavior charged in a Dyer County, Tennessee, Circuit Court case, a recommendation for the Defendant to receive full credit for acceptance of responsibility, and an appeal waiver. (*Id.*, D.E. 6.)

The United States Probation Office subsequently prepared the presentence report (the "PSR"). The PSR calculated a base offense level of 24, pursuant to § 2K2.1 of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."), because the offense to which Parker pleaded guilty was committed subsequent to his sustaining two felony convictions for controlled substance offenses. (PSR at ¶ 17 (citing U.S.S.G. § 2K2.1(a)(2)).) The offense level was increased by four points under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. (*Id.* at ¶ 18 (citing U.S.S.G. § 2K2.1(b)(1)(B).) The PSR advised an additional two-level increase for obstruction of justice related to the Defendant's communication to his girlfriend asking her to tell the investigating officers that everything in his house belonged to him, except the gun. (*Id.* at ¶ 21.) The PSR did not include a three-level reduction for acceptance of responsibility. (*Id.* at ¶ 24.) "Based upon a total offense level of 30 and a criminal history category of VI, the guideline imprisonment range [was calculated to be] 168

to 210 months." (*Id.* at ¶ 86 (bolding and italics omitted).) The Guideline range was restricted to the statutory maximum of 120 months' imprisonment. (*Id.*)

On October 20, 2016, defense counsel filed a position paper regarding sentencing. Counsel challenged the obstruction enhancement and the offense-level increase for possession of a firearm in connection with a drug offense, and she argued that the Defendant "should be granted full acceptance of responsibility." (No. 1:16-cr-10070-JDB-1, D.E. 12 at PageID 81.)

The Court conducted a sentencing hearing on January 9, 2017. Over counsel's objection, the undersigned found that the circumstances warranted application of the obstruction enhancement, but agreed with counsel that the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense was not applicable on the facts adduced. Counsel's request for an offense-level decrease for acceptance of responsibility was granted. The undersigned determined that the recalculated sentencing range was 92-115 months, weighed the sentencing factors under 18 U.S.C. § 3553, and imposed a sentence of 104 months' imprisonment and three years of supervised release. The Defendant took an unsuccessful direct appeal.

DISCUSSION

Parker filed the Petition on July 2, 2018. He asserts in Claim 1 that counsel rendered ineffective assistance "by failing to seek mitigation of [his] sentence through a motion for a downward departure pursuant to U.S.S.G. 4A1.3(b). . . . or sentence at the lower end of his guidelines range on the ground that reliable information indicated that his criminal history category substantially over-represented the seriousness of his criminal history or the likelihood that he will commit other crimes." (D.E. 1 at PageID 8.) He alleges that counsel "failed to point out critical features of his criminal history that had great potential to soften the district court[']s view and

3

result in a lesser sentence." (*Id.* at PageID 10.)   He also insists that he "was prejudiced by trial counsel[']s constitutionally deficient performance," as "[t]here is at least a reasonable probability that but for trial counsel[']s unprofessional errors, the district court would have shortened [his] sentence at least to some degree." (*Id.*)  Parker asserts in Claim 2 that his conviction and sentence are unconstitutional based on the holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[3] (*Id.* at PageID 17.)

The Government filed a response (the "Response") to the Petition, arguing that Claim 1 is without merit because Petitioner had not identified what, exactly, in his criminal history warranted a downward departure or a sentence at the low end of the Guidelines range.[4]  (D.E. 10.) Respondent did not address Claim 2.

I.     Legal Standards

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).  "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing

---

[3] Unlike Claim 1, which is cogently presented, the Petition's presentation of Claim 2 is confusing and somewhat rambling. The Court's liberal construction of the pro se pleading is based on the Petition's least-opaque articulation of the claim found at PageID 17.

[4] Respondent also asserts that the Petition was not filed within the one-year limitations period provided for in 28 U.S.C. § 2255(f). The argument appears to be based on an inadvertent miscalculation. The Government is correct that Petitioner's conviction became final on April 3, 2018, which was ninety days after the Sixth Circuit issued its mandate in Parker's direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003). The inmate therefore had one year, until April 3, 2019, to file the Petition. *See* 28 U.S.C. § 2255(f)(1). The Petition was submitted to prison officials for mailing on June 26, 2018. Therefore, it was filed less than three months after the conviction became final and not, as Respondent argues, "three months after the expiration of the limitations period." (D.E. 10 at PageID 47.) The timeliness argument is therefore rejected.

to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999)) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude redressable under § 2255. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Such a claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at

694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id*. (quoting *Strickland*, 466 U.S. at 687).

II.    Claim 1

As indicated above, the inmate insists that counsel was ineffective by failing to argue for a downward departure under U.S.S.G. § 4A1.3(b)(1), or a sentence at the bottom of the Guidelines range, presumably pursuant to 18 U.S.C. § 3553. Section 4A1.3(b)(1) provides that, "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). Under § 3553, a sentencing court must consider, among other things, whether the sentence will "protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(C).

Petitioner has not demonstrated that he is entitled to relief on Claim 1.[5] As an initial matter, and as Respondent points out, Parker has not identified the so-called "critical features" of his criminal history that would likely have resulted in a more favorable sentence. That deficiency is sufficient to warrant denial of the claim. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance of counsel . . . are insufficient to state a constitutional claim"); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam)

---

[5] There is no factual dispute regarding either claim. An evidentiary hearing is therefore not required.

(a § 2255 petition is "legally insufficient to sustain a review" where the "claims are stated in the form of conclusions without any allegations of fact in support thereof").

But even if Petitioner means to suggest that counsel should have pointed out that a number of his convictions were for lower-level offenses, she did just that. At the sentencing hearing, counsel argued for a reduction to a range of 77-96 months and a sentence at the bottom of that range on the basis that the Defendant's state handgun offense was a misdemeanor and his drug convictions were for marijuana. (No. 1:16-cr-10070-JDB-1, D.E. 25 at PageID 178-79, 182.) Petitioner's assertion that counsel performed deficiently is therefore belied by the record.

In addition, Parker cannot demonstrate that he was prejudiced. The undersigned considered counsel's argument and imposed a sentence of 104 months, in part because of the Defendant's extensive criminal history:

> As I mentioned, Mr. Parker has a fairly significant criminal history. Although, some of these may have been misdemeanors, I count 10 drug related offenses, domestic assault, possession of a handgun, which I think [defense counsel] indicated was a misdemeanor, fail[ure] to appear and assault. But a fairly lengthy history.
>
> As has been pointed out by [the prosecutor], Mr. Parker has had a number of opportunities, being given at least at the outset with a fairly low amount of time in terms of serving any time. And regretfully, he has continued to commit offenses which resulted in a parole violation.
>
> * * *
>
> The Court is also to consider a sentence that does protect the public from further crimes of the defendant. Which I think based upon his previous record would meet that criteria.

(*Id.*, D.E. 25 at PageID 191-92.) Therefore, there is no reasonable probability that the undersigned would have imposed a lesser sentence had counsel done more. Claim 1 is without merit and is DENIED.

III. Claim 2

7

The inmate maintains that "he is actually innocent of the possession of a firearm in [the] 18 U.S.C. § 922(g), 924(a) charges against him, because it [was] ruled unconstitutional after *Sessions v. Dimaya*." (D.E. 1 at PageID 17.) As indicated supra, Respondent did not address this claim. For the following reasons, the Court also determines that the claim is without merit.

In *Dimaya*, the United States Supreme Court addressed the constitutionality of the "residual clause" of 18 U.S.C. § 16(b), as that provision is "incorporated into the Immigration and Nationality Act's definition of 'aggravated felon.'" *United States v. Jackson*, 918 F.3d 467, 484 (2019) (citing *Dimaya*, 138 S. Ct. at 1215). As the Court explained, the immigration statute "renders deportable any alien convicted of an 'aggravated felony' after entering the United States." *Dimaya*, 138 S. Ct. at 1210 (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). The statute "defines 'aggravated felony' by listing numerous offenses and types of offenses," including through a cross-reference to the definition provided in 18 U.S.C. § 16(b). *Id.* at 1211. Under Section 16(b), an "aggravated felony includes 'a crime of violence,'" which, in turn, may include a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* (quoting 18 U.S.C. § 16(b)). The Supreme Court in *Dimaya* held that this "residual clause" was unconstitutionally vague. *Id.* at 1215. Subsequent to *Dimaya*, the Supreme Court announced in *United States v. Davis*, 139 S. Ct. 2319 (2018), that the "almost identical" wording in the residual clause of 18 U.S.C. § 924(c)(3) is likewise unconstitutionally vague.[6] *Davis*, 139 S. Ct. at 2329.

---

[6] Section 924(c) provides enhanced penalties for "[a]ny person who, during and in relation to any crime of violence ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A

The Supreme Court's ruling in *Dimaya*, as extended in *Davis* to § 924(c)'s residual clause, is inapposite to Parker's circumstances. More to the point, Petitioner was not subject to the enhanced penalty under § 924(c). That provision's definition of a "crime of violence" is therefore irrelevant to his conviction and sentence. Claim 2 is without merit and is DENIED.[7]

For the foregoing reasons, the Petition is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[7] It is possible that Petitioner means to object to the enhancement of his base offense level under U.S.S.G. § 2K2.1(a)(2). As discussed above, that provision calls for a base offense level of 24 for a violation of § 922(g) "if the defendant committed any part of the . . . offense subsequent to sustaining at least two felony convictions of either *a crime of violence* or a *controlled substance offense*[.]" U.S.S.G. § 2K2.1(a)(2) (emphasis added). Even if such a claim were cognizable on collateral review, *see Snider v.United States*, 908 F.3d 183, 191 (6th Cir. 2018), it would be without merit because Petitioner's offense level was not enhanced for prior crimes of violence, but rather for two previous controlled substance offenses. (*See* PSR at ¶ 17.)

9

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[8]

IT IS SO ORDERED this 2nd day of June 2021.

                                                      s/ J. DANIEL BREEN
                                                     UNITED STATES DISTRICT JUDGE

---

[8] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.